

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington DC, 20044
(202) 532-4327

EJS:JMR 40-74-1.03

April 30, 2009

Honorable Hilda G. Tagle
United States District Judge
United States District Court for the Southern District of Texas, Brownsville Division
600 Harrison Street
Brownsville, TX 78520

      RE: Trevino v. Rice, et al., Civil No. B-07-218

Dear Judge Tagle:

      Defendants submit the following letter request in response to the Court's April 21, 2009 Order on consolidation.[1]  Defendants do not oppose coordination.  However, we respectfully request that the Court set a status conference the week of May 4 or May 11 (or as soon thereafter as is practical).  At this conference, the parties would inform the Court of both the common and individual legal, factual and procedural issues presented by these cases so the Court can determine how best to efficiently administer coordinated proceedings.  Certain issues for discussion would include:

- The effect on particular cases of the putative class action complaint pending before District Judge Randy Crane (*Castelano, et al v. Rice, et al*, No. M-08-057);
- Expediting administration through Plaintiffs' consent to or the uniform dismissal of improper jurisdictional assertions and causes of action (such as 5 U.S.C. § 701 et seq. (Administrative Procedures Act), 28 U.S.C § 2241 (Habeas Corpus), 28 U.S.C. §1346(a)(2) (Little Tucker Act), 28 U.S.C. § 1331 (Federal Question)  or the Constitution).[2]  Certain Plaintiffs voluntarily dismissed such claims or chose not to allege them at all while others continue to assert such claims. Otherwise, establishing a briefing schedule to address any such common issues of law;

---

[1] Defendants have not been served in Civil Action No. B-09-80 (*Morales, et al*), and have not yet field a responsive pleading in Civil Action Nos: B-09-034 (*Andrade*); B-09-036 (*Errisuriz*); and  B-09-045 (*Gutierrez*).

[2] Based on the allegations, the only proper (and necessary) jurisdictional basis and cause of action arising from the denial of a passport is under 8 U.S.C. § 1503(a).  A person within the U.S. who claims a denial of a right or privilege as a national, such as the denial of a passport, may institute an action under 8 U.S.C. § 1503 seeking a declaration of U.S. nationality. *See Patel v. Rice*, 403 F. Supp. 2d 560 (N.D. Tex. 2005)

-2-

- Establishing staggered discovery deadlines and trial dates based on the filing date of each complaint and completion of individual Rule 26(f) conferences, while also ensuring the avoidance of duplicative discovery on common issues;
- Ensuring an individual trial *de novo* for each plaintiff, as set forth in 8 U.S.C. 1503(a);
- Addressing pending or expired deadlines in certain cases, and any pending motions;
- Ensuring compliance with the service requirements under Rule 4 and Defendants' opportunity to respond;
- The parties selection of and responsibilities for liaison counsel.

These are just a few of the issues Defendants believe need to be discussed with the Court, and feel that a status conference set at the Court's earliest convenience would greatly assist in expediting and coordinating these matters. For the convenience of the Court, Defendants attach a chart setting forth some of the procedural distinctions among the cases.

Respectfully submitted on behalf of Defendants by

/s/ Jonathan Rolbin
Trial Attorney
U.S. Department of Justice
District Court Section, Office of Immigration Litigation

Enclosure

cc: (Via email to all counsel below)
    Lisa Brodyaga (counsel for plaintiff Trevino)
    Jaime Diez (counsel for plaintiffs Lopez and Pena)
    Maria Estela Garcia Yzaguirre (counsel for plaintiff Muniz de Tapia)
    Celestino Gallegos (counsel for plaintiffs Andrade, Errisuriz & Gutierrez)
    Victor Rodriguez, Jr. (counsel for defendants in Muniz de Tapia )
    Melanie Keiper (counsel for defendants in Trevino and Pena)
    Craig Kuhn (counsel for defendants in Lopez)
    Lisa Luis (counsel for defendants in Errisuriz, Gutierrez, and Andrade)

| Plaintiff | *Castelano* Putative Class Member | Jurisdiction assertions include: | Causes of Action | Answer Filed/ Date Due | Pending Motions | Rule 16/26(f) Conference/ Deadlines |
|---|---|---|---|---|---|---|
| Trevino | No | § 1503(a); Habeas. Plaintiff agreed to dismiss all others | § 1503(a); Habeas. Plaintiff agreed to dismiss all others | Yes | Motion re Salazar Affidavit; Opposition to be filed. | Yes: Plaintiff disclosed one expert; Parties filed a joint motion to amend to the scheduling order extending discovery to May 27; Defendants' expert disclosure to May 15; Non-dispositive motions to June 4 and hearing on or after June 26; The final pretrial conference to on or after August 15. Court extended dispositive motion deadline to July 16. |
| Lopez | No | § 1503(a); Habeas | § 1503(a); Habeas | Yes | Motion to Dismiss Habeas Claim; Opposition filed; Reply to be filed. Motion re Salazar Affidavit; Opposition to be filed. | No |
| Pena | No | § 1503(a); Habeas; Federal Question | § 1503(a); Habeas | Yes | Motion re Salazar Affidavit; Opposition to be filed. | No |
| Gutierrez | Yes | § 1503(a); APA; Federal Question; Tucker Act | § 1503(a); APA | Due June 9 | Unopposed motion to continue the initial pre-trial/scheduling conference. | No |
| Muniz de Tapia | No | § 1503(a); Federal Question; Tucker Act | § 1503(a); | Yes | None | Yes: Plaintiff's declined experts; Mediation by June 15; Discovery closes July 15; Dispositive motions due July 31; Final pre-trial October 27. |
| Errisuriz | Yes | § 1503(a); APA; Federal Question; Tucker Act | § 1503(a); APA; Due Process - denial of property interest | Due May 29 | N/A | No: Parties to disclose interested persons and file joint discovery/ management plan on July 6. |
| Andrade | Yes | § 1503(a); APA; Federal Question; Tucker Act | § 1503(a); APA; Due Process - language/denial of property interest | Due June 8 | N/A | No: The initial pre-trial set for July 1 with the Parties to file discovery/management plan by June 16 |
| Morales & Morales | Case has not been served | Unknown | Unknown | N/A | N/A | N/A |